Joseph H. Lemkin (JL-2490)
**DUANE MORRIS LLP**
A Delaware Limited Liability Partnership
744 Broad Street
Suite 1200
Newark, New Jersey 07102
(973) 424-2000
Facsimile (973) 424-2001

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BANC OF AMERICA PRACTICE SOLUTIONS, INC., as servicer for BANK OF AMERICA, successor by merger and acquisition to MBNA AMERICA (DELAWARE), N.A., assignee of Sky Bank, and as agent for U.S. Bank Trust National Association, <br><br> Plaintiff, <br><br> v. <br><br> WEST 86TH STREET DENTISTRY, PC AND NKEMJIKA S. OBIECHINA, DMD, <br><br> Defendants. | Civil Action No. <br><br><br><br><br><br><br><br> **AFFIDAVIT OF JOSEPH L. HEETER, ESQ. IN SUPPORT OF ORDER TO SHOW CAUSE FOR AN ORDER OF SEIZURE PURSUANT TO CPLR 7102, MADE APPLICABLE BY FED. R. CIV. P. 64** |

JOSEPH L. HEETER, ESQ., being duly sworn, deposes and says:

1. I am employed as Assistant General Counsel by Bank of America (hereinafter "BOA" or "Plaintiff") and, as such, I am fully familiar with the facts and circumstances of this action and have in my possession all the papers and documents in connection therewith. I submit this Affidavit in support of BOA's Order to Show Cause for an Order of Seizure, as provided for in CPLR 7102, made applicable by Fed. R. Civ. P. 64.

2.  Upon information and belief, defendant West 86th Street Dentistry ("Borrower") is a professional corporation, with its principal place of business at 255 Central Park West, New York, New York 10024 (the "Premises").

3.  Upon information and belief, defendant Nkemjika S. Obiechina, DMD ("Guarantor") is an individual presently residing at 170 Jane Street, Englewood, New Jersey 07631. Guarantor is the President of West 86th Street Dentistry.

4.  Simultaneously with this seizure proceeding, Plaintiff is commencing an action in this Court against the Defendants by service of a Summons and Complaint, a copy of which is annexed hereto without exhibits as **Exhibit A**.

5.  For purposes of brevity, I will not repeat all of the facts of this matter, as they are voluminous, not all related to the instant Order to Show Cause seeking an Order of Seizure, and are more fully set forth in the Complaint filed simultaneously herewith. The relevant facts as they relate to Plaintiff's Order to Show Cause seeking an Order of Seizure are set forth below.

6.  On or about June 16, 2003, for good and valuable consideration, Borrower entered into a Finance Agreement (the "Finance Agreement") with BOA's predecessor, Sky Bank, whereby Sky Bank loaned $250,000.00 to the Borrower in order to provide initial financing for the Borrower's dental practice in New York, New York. A true and correct copy of the Finance Agreement is annexed hereto as **Exhibit B.**

7.  In addition to the loan memorialized in the Finance Agreement, Borrower also obtained a Second loan from Sky Bank in the original principal amount of $26,900.00 (the "Second Finance Agreement"). A true copy of the Second Finance Agreement is annexed hereto as **Exhibit C**.

8. Pursuant to the terms of the Finance Agreement and the Second Finance Agreement (collectively, the "Loan Documents"), Borrower agreed to make certain monthly payments to BOA as more particularly described therein.

9. Guarantor solely and unconditionally guaranteed all of the indebtedness arising directly or contingently from the Loan Documents. Borrower also executed a personal guarantee of all indebtedness arising directly or contingently from the Loan Documents. The guarantees of Borrower and Guarantor are contained in the Finance Agreement and Second Finance Agreement annexed as **Exhibit B & C**.

10. Borrower has defaulted under the terms of the Loan Documents by, *inter alia*, failing to make payments due to BOA on account of the Finance Agreement since April 3, 2007, which payment was applied to Borrowers' February, 2007 obligation to BOA. Presently, borrower is past due for the March, April and May, 2007 payments due under the Finance Agreement along with accrued late fees, interest and other charges due, which now totals approximately $16,146.50.

11. Despite the demand letters and several prior attempts by BOA to have Defendants cure the arrears under the Finance Agreement, the Defendants have refused and continue to refuse to pay for the arrearages noted above in violation of the Finance Agreement and all accompanying documents.

12. As of May 17, 2007, there is due and owing by the Borrower to BOA the default balance (which includes, *inter alia*, late charges and past due amounts) of $288,000.16, plus attorneys' fees, costs and any other charges under the Finance Agreement, all of which continue to accrue. The balance on the Second Finance Agreement is $20,098.42.

DM3\515084;1

13.  In order to secure payment of Borrower's obligations under the Loan Documents, BOA obtained a first priority lien and security interest, which encumbers all of the assets of the dental practice operated by the Borrower including, but not limited to, assets, equipment, inventory, accounts, general intangibles, chattel paper, machinery and fixtures, and the proceeds of all of the foregoing (the "Collateral"). BOA's predecessors perfected their security interest in the collateral by filing a UCC-1 Financing Statement with the New York Secretary of State. A copy of the UCC-1 Financing Statement that refers to the Collateral is annexed hereto as **Exhibit D**.

14.  The Collateral is now being intentionally and wrongfully converted and detained by Borrower and is situated at the premises located at 255 Central Park West, New York, New York.

15.  The fair market value of the Collateral is approximately $ 195,000.00.[1]

16.  Pursuant to the Loan Documents, upon default by the Borrower, BOA is entitled to immediate possession of the Collateral.

17.  In addition to the Defendants substantial delinquency with BOA, Defendants appear to be on the brink of eviction from the Premises. We have recently learned that the Landlord of the premises commenced an eviction action one year ago - in May 2006. See attached affirmation of Matthew L. Gordon, Esq., annexed hereto as **Exhibit E**. As set forth in Mr. Gordon's certification Borrower has a tortured history with the Landlord.

18.  Mr. Gordon's certification reveals that on September 18, 2006, Defendant entered into a Stipulation of Settlement with the Landlord in order to cure the rental arrears due to the

---

[1] This value is based upon a complete recovery of the dental practice in place, including good will. The actual liquidation value of the Collateral would be substantially lower than this amount. In addition, this value is based upon financial information from the year 2005 and may change based upon the practice's 2006 financial figures.

4

Landlord. Apparently, however, Borrower immediately breached the stipulation by failing to make the required payments during the first month of the agreement. Borrower seems to have been afforded numerous extensions but never completely cured her default with the Landlord. Based upon Defendants' substantial delinquency with BOA and tortured history with the Landlord, it does not appear possible the Defendant can remain current with both BOA and the Landlord. Given the uncertain relationship with the Landlord with an eviction looming as well as the continued delinquency under the Finance Agreement, BOA is extremely concerned with the security of its collateral and in accordance with the Loan Documents is entitled to the immediate recover of its collateral.

19. BOA is not aware of any defense to its claims.

20. No prior application for this or any other provisional remedy has been requested.

WHEREFORE, the deponent respectfully requests that this Court issue an Order directing the U.S. Marshal for this District, or other law enforcement officer to seize the subject Collateral described herein, and for that purpose, if the subject Collateral is not delivered to him, to break open, enter and search for the subject Collateral in the place where the Collateral may be and hold same for Plaintiff.

JOSEPH L. HEETER, ESQ.

Sworn to and Subscribed before me
this 25th day of May, 2007

_____
Notary Public

MICHAEL W. BODAK
Notary Public
In and for
the State of Ohio
My Commission Expires
August 6, 2011

DM3\515084;1

5