# EXHIBIT A

Joseph H. Lemkin (JL-2490)
**DUANE MORRIS LLP**
A Delaware Limited Liability Partnership
744 Broad Street, Suite 1200
Newark, New Jersey 07102
(973) 424-2000
Facsimile (973) 424-2001

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BANC OF AMERICA PRACTICE SOLUTIONS, INC., as servicer for BANK OF AMERICA, successor by merger and acquisition to MBNA AMERICA (DELAWARE), N.A., assignee of Sky Bank, and as agent for U.S. Bank Trust National Association,<br><br>Plaintiff,<br><br>v.<br><br>WEST 86TH STREET DENTISTRY, PC AND NKEMJIKA S. OBIECHINA, DMD,<br><br>Defendants. | Civil Action No.<br><br><br><br><br><br>**COMPLAINT** |

Plaintiff, Banc of America Practice Solutions, Inc (f/k/a MBNA Practice Solutions, Inc., f/k/a Sky Financial Solutions, Inc.) as servicer for Bank of America, N.A., successor by merger and acquisition to MBNA America (Delaware N.A.) assignee of Sky Bank and as agent for U.S. Bank Trust National Association ("BOA"), as and for its complaint against defendants West 86th Street Dentistry, PC and Nkemjika S. Obiechina (collectively, "Defendants"), alleges as follows:

1. BOA is a corporation organized and existing under the laws of the State of Ohio, having an office for the transaction of business at 2740 Airport Drive, Suite 300, Columbus, Ohio 43219. BOA is authorized to conduct business in the State of New York.

2. Upon information and belief, defendant West 86th Street Dentistry ("Borrower") is a professional corporation, with its principal place of business at 255 Central Park West, New York, New York 10024.

3. Upon information and belief, defendant Nkemjika S. Obiechina, DMD ("Guarantor") is an individual presently residing at 170 Jane Street, Englewood, New Jersey 07631. Guarantor is the President of West 86th Street Dentistry.

## JURISDICTION

4. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

## VENUE

5. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391 (c).

## FIRST CAUSE OF ACTION
### (Breach of Contract)

6. Plaintiff repeats, realleges and reiterates each of the foregoing paragraphs as though fully set forth herein.

7. On or about June 16, 2003, for good and valuable consideration, Borrower entered into a Finance Agreement (the "Finance Agreement") with BOA's predecessor Sky Bank, whereby Sky Bank provided a loan (loan # 1827260-9001) in the original principal amount of $250,000 to the Borrower in order to provide initial financing for the Borrower's dental practice located at 255 Central Park West, New York, New York 10024. A true and correct copy of the Finance Agreement is annexed hereto as **Exhibit A**.

8. Pursuant to the terms of the Finance Agreement, Borrower agreed to make certain monthly payments to BOA as more particularly described therein.

9. Borrower has defaulted under the terms of the Finance Agreement by, *inter alia*, failing to make payments due to BOA since April, 2007, as well as late fees and other charges due under the Finance Agreement. Said payment was on account of and applied to Borrowers February, 2007 obligation under the Finance Agreement.

10. On or about February 15, 2007, BOA sent demand letters to the Defendants for payment of all arrears under the obligations due and owing to BOA. Copies of the written notices of default sent to the Defendants are annexed hereto collectively as **Exhibit B**.

11. Despite the demand letters and several prior attempts by BOA to have Defendants cure all arrears under the Finance Agreement, the Defendants have refused and continue to refuse to pay for the arrearages noted above in violation of the Finance Agreement and all accompanying documents.

12. As of May 24, 2007, there is due and owing by the Borrower to BOA the default balance (which includes, *inter alia*, late charges and past due amounts) of $288,000.16, plus attorneys' fees, costs and any other charges under the Finance Agreement, all of which continue to accrue.

13. BOA has and hereby declares all sums due and to become due for the full term of the Finance Agreement immediately due and payable.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

14. Plaintiff repeats, realleges and reiterates each of the foregoing paragraphs as though fully set forth herein.

15. In addition to the loan memorialized in the Finance Agreement, on or about August 4, 2003, Borrower entered into a second Finance Agreement (the "Second Finance Agreement") with BOA's predecessor Sky Bank, whereby Sky Bank provided a loan (loan #

3

DM1\760288.1

1827260-9002) in the original principal amount of $26,900.00 to the Borrower. A true and correct copy of the Second Finance Agreement is annexed hereto as **Exhibit C**.

16. Pursuant to the Second Finance Agreement, events of default include: (a) failure "to make any payment of the Indebtedness[1] within 10 days after it first becomes due," and (b) where "Borrower or any Guarantor defaults in the performance of any of their obligations or breaches any representation, covenant, or warranty under this Agreement **or any other agreement** with Lender or any affiliate of Lender..." See Exhibit D, p. 4.

17. Borrower's failure to make payment and associated defaults in accordance with the Finance Agreement, as discussed above, constitute an "Event of Default" under the terms of the Second Finance Agreement. Accordingly, in accordance with the terms of the Second Finance Agreement, BOA may exercise its right to declare the full amount of Borrower's indebtedness due and owing. See Second Finance Agreement, Exhibit D, p. 5.

18. On or about March 13, 2007, BOA sent demand letters to the Defendants for payment of all arrears under the obligations due and owing to BOA pursuant to the Second Finance Agreement. Copies of the written notices of default sent to the Defendants are annexed hereto collectively as **Exhibit B**.

19. Despite the demand letters and several prior attempts by BOA to have Defendants cure all arrears with respect to the Finance Agreement, the Defendants have refused and continue to refuse to pay for the arrearages noted above in violation of the Second Finance Agreement.

---

[1] "Indebtedness" is defined in the Second Finance Agreement as "the Principal Amount plus all interest, fees and expenses due or to become due Lender pursuant to the terms hereof and also any and all other liabilities of Borrower to Lender or any affiliate of Lender, whether now existing or hereafter arising, absolute or contingent, due or to become due, including all interest, fees and expenses incurred in connection therewith..." See Second Finance Agreement, Exhibit D, p. 2.

4

20. As of May 24, 2007, there was due and owing by the Borrower and Guarantors to BOA the default balance (which includes, *inter alia*, late charges and past due amounts) of $20,098.42, plus attorneys' fees, and costs, and any other charges under the Second Finance Agreement, all of which continue to accrue.

21. BOA has and hereby declares all sums due and to become due under the Second Finance Agreement immediately due and payable.

## THIRD CAUSE OF ACTION
### (Replevin)

22. BOA repeats, realleges and reiterates each of the foregoing paragraphs as though fully set forth herein.

23. In order to secure payment of Borrower's and Guarantor's obligations under the various loan documents described in paragraphs 7 through 22 above (collectively, the "Loan Documents"), BOA obtained a first priority lien and security interest, which encumbers all of the assets of the dental practice operated by the Borrower, including but not limited to assets, equipment, inventory, accounts, general intangibles, chattel paper, machinery and fixtures and the proceeds of all of the foregoing (the "Collateral"). BOA's predecessor perfected its security interest in the collateral by filing a UCC-1 Financing Statement with the New York Secretary of State. A copy of the UCC-1 Financing Statement that refers to the Collateral is annexed hereto as **Exhibit D**.

24. Pursuant to the Loan Documents, upon default by the Borrower or Guarantor, BOA is entitled to immediate possession of the Collateral.

25. As set forth above, Borrower and Guarantor have defaulted under the Loan Documents by failing to make payment to BOA when due.

26. The Collateral has been intentionally and wrongfully converted and detained by Borrower and Guarantor and is situated at the premises located at 255 Central Park West, New York, New York 10024.

27. The fair market value of the Collateral is approximately $195,000.[2]

28. Accordingly, BOA is now entitled to immediate possession of the Collateral.

29. Upon information and belief, the Collateral has not been taken for a tax, assessment, or fine pursuant to law, nor has it been taken under an execution or attachment against the property of the Plaintiff.

30. Plaintiff hereby demands turnover of the Collateral.

## FOURTH CAUSE OF ACTION
(Breach of Guarantees)

31. BOA repeats, realleges and reiterates each of the foregoing paragraphs as though fully set forth herein.

32. Guarantor personally, solely and unconditionally guaranteed all of the indebtedness arising directly or contingently from the Loan Documents, including all indebtedness of Borrower. Guarantor's guarantees are contained on **Exhibit A and C**.

33. As of February 15, 2007, there was due and owing and payable by Guarantor, individually to BOA, as a guarantor pursuant to the Loan Documents, the total sum of $308,098.58.

---

[2] This value is based upon a complete recovery of the dental practice in place, including good will. The actual liquidation value of the Collateral would be substantially lower than this amount. In addition, this value is based upon financial information from the year 2005 and may change based upon the practice's 2006 financial figures.

## FIFTH CAUSE OF ACTION
### (Unjust Enrichment)

34. Plaintiff repeats, reiterates and realleges each of the forgoing paragraphs as though fully set forth herein.

35. The Borrower received the above described loan proceeds and other valuable consideration as set forth in the Loan Documents and have full use of the proceeds of the loans without making payment therefore as required under the Loan Documents.

36. Borrower has been unjustly enriched in an amount equal to $308,098.5, the total outstanding payments due and owing to BOA.

37. Accordingly, Borrower is liable to BOA in the amount of $308,098.58, due to such unjust enrichment.

## SIXTH CAUSE OF ACTION
### (Attorneys' Fees and Costs as against Borrower and Guarantor)

38. Plaintiff repeats, reiterates and realleges each of the forgoing paragraphs as though fully set forth herein.

39. The Loan Documents provide that Borrower and Guarantor are liable for all legal fees and costs incurred by BOA as a result of Borrower's and Guarantor's default.

40. By reason of Borrower's and Guarantor's defaults under the Loan Documents and their failure to cure the same, BOA retained attorneys to pursue collection of this matter.

41. Accordingly, BOA is entitled to an award of its attorneys' fees and costs incurred and to be incurred in the prosecution of this action.

**WHEREFORE**, BOA hereby demands judgment as follows:

A. On the First Cause of Action:

    1. Awarding a money judgment against West 86th Street Dentistry, PC, in the amount of $288,000.16, with interest thereon from May 24,

      2007, until the date of which all amounts due thereunder have been paid, plus late charges and attorneys fees.

B.   On the Second Cause of Action:

  1.   Awarding a money judgment against West 86th Street Dentistry, PC, in the amount of $20,098.42, with interest thereon from May 24, 2007, until the date of which all amounts due thereunder have been paid, plus late charges and attorneys fees.

C.   On the Third Cause of Action:

  1.   For an Order giving BOA possession of the Collateral, plus damages for its wrongful detention; and in the event the Collateral cannot be delivered to BOA, that BOA have judgment against Defendants for the value thereof, plus damages for its wrongful detention.

D.   On the Fourth Cause of Action:

  1.   Awarding a money judgment against West 86th Street Dentistry, PC, and Njemjika S. Obiechina, in the amount of $308,098.58, with interest thereon from May 24, 2007, until the date of which all amounts due thereunder have been paid, plus late charges and attorneys fees.

E.   On the Fifth Cause of Action:

  1.   Awarding a money judgment against West 86th Street Dentistry in the amount of $308,098.58, with interest thereon from May 24, 2007, until the date of which all amounts due thereunder have been paid, plus late charges and attorneys fees.

F.   On the Sixth Cause of Action:

  1.   Awarding a money judgment against West 86th Street Dentistry and Nkemjika S. Obiechina, each in an amount to be determined, for BOA's fees and costs incurred in the prosecution of this action.

8

G.  Any additional and further relief as may be deemed just and appropriate.

                    Respectfully submitted,

                    DUANE MORRIS LLP

                    By: _____
                    Joseph H. Lemkin (JL-2490)
                    744 Broad Street
                    Newark, N.J. 07102
                    Telephone (973) 424-2000
                    Facsimile (973) 424-2001

                    Attorneys for Banc of America Practice Solutions, Inc.

Dated: May 24, 2007