# EXHIBIT E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------X
**CENTRAL PARK WEST ASSOCIATES,**

                    Petitioner,

    -against-

**NKEMJIKA S. OBIECHINA,**

                    Respondent.
-------------------------------------------------------X

**AFFIRMATION IN SUPPORT**

**INDEX NO.: 70714/06**

      **MATTHEW L. GORDON,** an attorney duly admitted to practice law before the Courts of the State of New York, does hereby affirm the following pursuant to CPLR §2106.

    1.    I am an associate with the law firm of NOVICK, EDELSTEIN, LUBELL, REISMAN, WASSERMAN & LEVENTHAL, P.C., the attorneys herein for the Petitioner.

    2.    This affirmation is respectfully submitted in support of the instant §5704 (b) application to this Court.

    3.    Petitioner commenced this proceeding in May 2006 seeking rent arrears for October 2005 through May 2006 plus outstanding electric charges and bounced check fees.

    4.    Respondent failed to answer the pleadings and Petitioner was awarded a default judgment and warrant.

    5.    Respondent was served with a Marshal's notice and in response she retained the law firm of Goldbeg, Scudieri, Lindenberg & Block, P.C. to represent her.

    6.    Respondent's counsel obtained an Order to Show Cause which was returnable in Part 52 on August 21, 2006. At that time the Court granted Respondents' Order to Show Cause to the extent of setting the matter down for a traverse hearing on September 18, 2006. Respondent was directed to pay August and September use and occupancy and electricity charges by August 28, 2006 and September 7, 2006. Copy of decision is annexed hereto as Exhibit "A".

7. On September 18, 2006 the parties, after a lengthy conference, entered into a stipulation of settlement. The stipulation provided that after Respondent tendered $4,600.00 she owed $18,537.75 through September 30, 2006. Copy of stipulation is annexed hereto as Exhibit "B".

8. The stipulation stayed the execution of the warrant provided Respondent paid her monthly rent plus electric charges by the 10th day of each month, commencing October 10, 2006, and to continue through January 10, 2007, and Respondent would pay, by the 20th day of each month, commencing October 20, 2006 and to continue through January 20, 2007, $4,6334.38 toward the arrears.

9. Respondent breached this agreement in October 2006 and a Notice of Default was faxed to Respondent's counsel on or about October 24, 2006. Copy of Notice of Default is annexed hereto as Exhibit "C".

10. On or about February 1, 2007 another Notice of Default was served upon the Respondent's counsel, as once again Respondent failed to comply with the stipulation. Copy of Notice of Default is annexed hereto as Exhibit "D".

11. Pursuant to the terms of the stipulation of September 18, 2006, Respondent was to pay $9,401.85 plus electric charges each month for October 2006 through January 2007. Since the stipulation was signed, Respondent paid $9,200.00 in November 2006 and $9,510.00 in December 2006, and $12,000.00 she was directed to pay, by the Court, on March 6, 2007.

12. Respondent has been in breach of this agreement since the first month of the agreement. She has already received a seven month extension to pay the arrears owed through September. That was also on top of the extension she received when she failed to answer the pleadings in May 2006.

13. Respondent did not cure her default and she was served with another Marshal's notice. Respondent's counsel then obtained a second Order to Show Cause herein, which was returnable in Part 52 on March 6, 2007.

14. Respondent brought that motion by Order to Show Cause to stay the execution of the warrant. Upon an analysis of the merits of that motion, it was respectfully submitted that the Court was constrained to deny the same. Copy of Order to Show Cause annexed hereto as Exhibit "E".

15. Respondent alleged on February 22, 2007 in her affidavit that she would have $15,000.00 by February 28, 2007 and the balance of February's rent by March 15, 2007. The only funds Respondent actually had at the time was $7,500.00.

16. On March 6, 2007 the Order to Show Cause was assigned to the Hon. Shlomo S. Hagler. After conference, and argument of the motion, the parties entered into a stipulation upon the direction of the Court that adjourned the motion to March 20, 2007 for Respondent to pay $18,962.97, which was the balance of the arrears owed through March 31, 2007, after the Respondent was directed to pay $12,000.00 to Petitioner for the adjournment and the Court was to determine Petitioner's claim for additional legal fees. Copy of stipulation is annexed hereto as Exhibit "F".

17. At that time the Respondent represented to the Court that she would have the $18,962.97 balance by March 15, 2007. The Court adjourned the case to March 20, 2007 for purposes of extending a few more days for Respondent to come up with the balance.

18. On March 20, 2007 the Court denied Respondent's motion as she did not have the necessary funds as agreed to, as the Court had adjourned this matter two weeks for her to make said tender. Copy of decision is annexed hereto as Exhibit "G".

19. On March 20, 2007 the Respondent had about $11,800.00 available.

20. In the instant Order to Show Cause, Respondent is offering to pay even less monies presently than she was on March 20, 2007 when the Court denied her last Order to Show Cause, despite her now owing more money.

21. Respondent is offering only to pay $9,000.00, and she would allegedly pay the balance of the rent by April 30, 2007.

22. For some reason this Order to Show Cause was not presented to Judge Hagler for his signature, as it should have been. I do not believe, based on Judge Hagler's March 20, 2007 decision, that he would have signed the instant Order to Show Cause.

23. I am sure the Hon. Ernest Cavallo, if he was aware of the history of this proceeding, would never have signed the instant application. Certainly from a reading of Respondent's affidavit, he could not get an accurate representation of what had transpired in this case. Particularly, Respondent conveniently omitted from her affidavit as to what transpired before Judge Hagler on March 20, 2007. Copy of Respondent's Order to Show Cause returnable in Civil Court on April 19, 2007 in Part 52 is annexed hereto as Exhibit "H".

24. In fact, in Respondent's affidavit she fails to mention that her previous Order to Show Cause was denied on March 20, 2007 because she had failed to comply with the Court's stipulation.

25. In fact, in paragraph no. 18 of Respondent's affidavit, Respondent perjures herself by stating that "this is the first application to this Court for the requested relief." This Order to Show Cause is in fact the second application for the same relief denied on March 20, 2007 by Judge Hagler.

26. If Respondent is unhappy with Judge Hagler's decision of March 20, 2007, her remedy would be to file a notice of appeal. Respondent cannot continuously seek the same relief which was already denied.

27. Respondent is collaterally estopped from bringing the present Order to Show Cause. An order entered on a motion is entitled to the same res judicata and collateral estoppel treatment that a judgment gets. David D. Siegel, New York Practice, p. 590, §445. The Civil Court has already denied Respondent's previous motion for the same relief as requested in the present motion based on the same facts.

28. The only difference is some three weeks later Respondent is offering to pay less money than on March 20, 2007 when her Order to Show Cause was denied, and three weeks later she still does not have the necessary fund to pay her arrears, despite being given four months to pay her arrears in a September 18, 2006 stipulation by the Petitioner. Seven (7) months later and nothing has changed.

29. The instant application is a blatant attempt by Respondent and her attorneys to forum shop. The instant Order to Show Cause should have been referred to Judge Hagler.

30. It is respectfully submitted that the Court, in signing the latest Order to Show Cause, abused its discretion to the substantial prejudice of the Petitioner. Moreover, Petitioner has withstood more than its share of Respondent's dilatory and obfuscatory conduct, which conduct should not be permitted any longer.

31. That this Court has repeatedly held that a party should not be able to avoid the consequences of a final judgment by resorting to a litany of Orders to Show Cause predicated upon largely repetitious supporting papers. (See, annexed Memorandum of Law.)

32. That it is respectfully submitted that the only viable method available to the Petitioner to put an end to this protracted litany of meritless Orders to Show Cause is to move pursuant to Section 5704 of the CPLR and seek the relief it surely deserves from this Court. The record clearly establishes that the Civil Court has repeatedly disregarded its very own orders, simply to satisfy the Respondent's desire to waste Petitioner's time and money.

33.   That for all of the above reasons, it is submitted that justice, reason and fair play demand that Respondent's third Order to Show Cause be denied in all respects and that Petitioner herein be permitted to execute the warrant forthwith, dispensing with the Marshal's notice, to eliminate the likely possibility that Respondent will attempt, for the fourth time, to continue her course of dilatory conduct.

**WHEREFORE,** it is respectfully requested that the instant CPLR 5704 (b) be in all respects granted and that the annexed Order, which denies Respondent's Order to Show Cause and permits the warrant of eviction to be executed, in all respects be granted, along with such other and further relief as this Court deems just and proper.

Dated:   Yonkers, New York
         April 16, 2007

**MATTHEW L. GORDON**

COUNTY OF WESTCHESTER }

MANUEL PAGAN, BEING DULY SWORN, DEPOSES AND SAYS: THAT DEPONENT IS NOT A PARTY TO THIS PROCEEDING, IS A LICENSED PROCESS SERVER OVER 18 YEARS OF AGE AND RESIDES AT NEW YORK, NEW YORK.

DEPONENT WAS UNABLE TO SERVE NKEMJIKA S. OBIECHINA, D.M.D.(SUBTENANT), TENANT(S)/OCCUPANT(S) BY PERSONAL DELIVERY.

AT 257 CENTRAL PARK WEST A/K/A 2 WEST 86TH STREET A/K/A 255 CENTRAL PARK WEST
  SUITE 255 (PERIODONTAL AND GENERAL DENTISTRY OFFICE) NEW YORK, NY 10024

ON 05/10/06 AT 12:07 PM   DEPONENT SERVED THE ATTACHED

NOTICE OF PETITION AND PETITION

BY GAINING ADMITTANCE TO SAID PROPERTY AND DELIVERING TO AND LEAVING A COPY THEREOF FOR EACH TENANT(S)/OCCUPANT(S) PERSONALLY WITH JANE DOE - GENERAL AGENT (REFUSED NAME), A PERSON OF SUITABLE AGE AND DISCRETION, WHO WAS WILLING TO RECEIVE SAME AND WHO RESIDED OR WAS EMPLOYED AT SAID PROPERTY.

DEPONENT DESCRIBES THE INDIVIDUAL SERVED AS FOLLOWS:

SEX: FEMALE
SKIN COLOR: WHITE
HAIR COLOR: BLACK
AGE: 21-35
HEIGHT: 5'4"/5'8"
WEIGHT: 131-160 LBS
ADDITIONAL FEATURES:
NAME OF INDIVIDUAL SERVED: JANE DOE - GENERAL AGENT (REFUSED NAME)

AND ON 05/10/06 DEPONENT SERVED COPIES OF THE WITHIN NOTICE OF PETITION AND PETITION ON EACH TENANT/OCCUPANT SERVED AT THE PROPERTY SOUGHT TO BE RECOVERED, BY DEPOSITING A TRUE COPY FOR EACH NAMED TENANT/OCCUPANT OF THE SAME ENCLOSED IN A POST PAID WRAPPER, ADDRESSED TO EACH TENANT/OCCUPANT AT THE PROPERTY SOUGHT TO BE RECOVERED, IN THE POST OFFICE BY CERTIFIED MAIL AND BY REGULAR FIRST CLASS MAIL WITHIN THE STATE OF NEW YORK.

AND ON 05/10/06 ADDITIONAL MAILING BY REGULAR AND CERTIFIED MAIL TO: NKEMJIKA S. OBIECHINA, D.M.D., 44 CYPRESS STREET, JERSEY CITY, NEW JERSEY

07035

SWORN TO BEFORE ME ON 05/10/06

ALAN ABOODY
NOTARY PUBLIC, STATE OF NEW YORK
  NO. 5014371
QUALIFIED IN WESTCHESTER COUNTY
COMMISSION EXPIRES JULY 15, 2007

MANUEL PAGAN
LIC.# 1073712

NOTICE TO TENANT - If you are dependent on a person in the military service of the United States or the State of New York, advise the clerk immediately in order to protect your rights.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK
------------------------------------X
CENTRAL PARK WEST ASSOCIATES,

                Petitioner,

    -against-

NKEMJIKA S. OBIECHINA, D.M.D. (SUBTENANT)
257 CENTRAL PARK WEST A/K/A 2 WEST 86TH STREET
A/K/A 255 CENTRAL PARK WEST - SUITE 255
NEW YORK, NEW YORK 10024,   (PERIODONTAL AND GENERAL DENTISTRY
                                    OFFICE)

                                    NOTICE OF PETITION
                                    COMMERCIAL

                Respondent.
------------------------------------X

    To the Respondent[s] above named and described, in possession of the premises hereinafter described or claiming possession thereof:

    PLEASE TAKE NOTICE, that the annexed Petition of **CENTRAL PARK WEST ASSOCIATES**, verified the 3RD of **MAY 2006** prays for a final judgment of eviction, awarding to the Petitioner possession of premises described as follows:

257 CENTRAL PARK WEST A/K/A 2 WEST 86TH STREET
A/K/A 255 CENTRAL PARK WEST - SUITE 255
NEW YORK, NEW YORK 10024
(PERIODONTAL AND GENERAL DENTISTRY OFFICE)

as demanded in the Petition.

    TAKE NOTICE also that demand is made in the Petition herein for judgment against you, for the sum of **$36,798.34 PLUS $750.00** in legal costs and disbursements of this proceeding.

    TAKE NOTICE also that **WITHIN FIVE DAYS** after service of this Notice of Petition upon you, you must answer, either orally before the Clerk of this Court at 111 Centre Street, County of New York, City and State of New York or in writing by serving a copy thereof

upon the undersigned attorney for the Petitioner, and by filing the original of such answer, with proof of service thereof, in the Office of the Clerk. Your answer may set forth any defense or counterclaim you may have against the Petitioner. On receipt of your answer, the Clerk will fix and give notice of the date for trial or hearing which will be held not less than 3 nor more than 8 days thereinafter, at which you must appear. If, after the trial or hearing, judgment is rendered against you, the issuance of a warrant dispossessing you may, in the discretion of the Court, be stayed for **FIVE** days from the date of such judgment.

**TAKE NOTICE** also that if you fail to interpose and establish any defense that you may have to the allegations of the Petitioner, you may be precluded from asserting such defense or the claim on which it is based in any other proceeding or action.

In the event you fail to answer and appear, final judgment by default will be entered against you but a warrant dispossessing you will not be issued until the tenth day following the date of the service of this Notice of Petition upon you.

**TAKE NOTICE** that under Section 745 of the Real Property Actions and Proceedings Law, you may be required by the court to make a rent deposit, or a rent payment to the petitioner, upon your second request for an adjournment or if the proceeding is not settled or a final determination has not been made by the Court within 30 days of the first court appearance. Failure to comply with an initial rent deposit or payment order may result in the entry of a final judgment against you without a trial. Failure to make subsequent required deposits or payments may result in an immediate trial on the issues raised in your answer.

Dated: May 3, 2006

JACK BAER
CHIEF CLERK OF THE CIVIL COURT OF
THE CITY OF NEW YORK

NOVICK, EDELSTEIN, LUBELL, REISMAN,
WASSERMAN & LEVENTHAL, P.C.
733 Yonkers Avenue
Yonkers, NY  10704
(914) 375-0100

*Jack Baer*
CHIEF CLERK
MAY - 8 2006
NEW YORK COUNTY
CIVIL COURT

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------X
CENTRAL PARK WEST ASSOCIATES,

                    Petitioner,

      -against-

NKEMJIKA S. OBIECHINA, D.M.D. (SUBTENANT)
257 CENTRAL PARK WEST A/K/A 2 WEST 86TH STREET
A/K/A 255 CENTRAL PARK WEST - SUITE 255
NEW YORK, NEW YORK 10024,    (PERIODONTAL AND GENERAL DENTISTRY
                                     OFFICE)

                                              PETITION
                                          NONPAYMENT COMMERCIAL
                    Respondent.
----------------------------------------X

     The Petition of CENTRAL PARK WEST ASSOCIATES alleges upon information and belief as follows:

     1.   Petitioner is the **OWNER** of the premises 257 CENTRAL PARK WEST A/K/A 2 WEST 86TH STREET A/K/A 255 CENTRAL PARK WEST - SUITE 255, NEW YORK, NEW YORK 10024 (PERIODONTAL AND GENERAL DENTISTRY OFFICE), and is authorized to maintain this proceeding.

     2.   Respondent(s)  NKEMJIKA S. OBIECHINA, D.M.D. is (are) the subtenant(s) in possession of said premises pursuant to a written sublease agreement dated February 12, 2003 for the term April 1, 2003 through March 31, 2013.

     3.   Respondents are now in possession of said premises. Said premises are not the residence of the tenant and undertenants herein.

     4.   The premises 257 CENTRAL PARK WEST A/K/A 2 WEST 86TH STREET A/K/A 255 CENTRAL PARK WEST - SUITE 255, NEW YORK, NEW YORK 10024 (PERIODONTAL AND GENERAL DENTISTRY OFFICE) were rented for business purposes and pursuant to the preamble of the aforementioned sublease were rented for use as a(n) **periodontal and general dentistry office**. The demised premises is described as:

      257 CENTRAL PARK WEST A/K/A 2 WEST 86TH STREET
      A/K/A 255 CENTRAL PARK WEST - SUITE 255
      NEW YORK, NEW YORK 10024
      (PERIODONTAL AND GENERAL DENTISTRY OFFICE)
      (PSYCHOTHERAPY OFFICE)

5. Said premises are situated within the territorial jurisdiction of the Civil Court of the City of New York, County of New York.

6. Pursuant to the written lease as aforementioned, Respondent promised to pay to Landlord as rent **the sum of $4,767.49 each month** in advance on the first (1st) day of each month.

7. Respondent currently owes base rent and additional rent in the amount of **$37,548.34**. This amount is derived as follows:

| | |
|---|---:|
| May 2006 rent | $ 4,767.49 |
| April 2006 rent | 4,767.49 |
| March 2006 rent | 4,606.27 |
| February 2006 rent | 4,606.27 |
| January 2006 rent | 4,606.27 |
| December 2005 rent | 4,606.27 |
| November 2005 rent | 4,606.27 |
| October 2005 rent (bal.) | 404.86 |
| Electricity | 3,454.71 |
| N.G.C. | 50.00 |
| Security Deposit | 322.44 |
| Legal Fees | 750.00 |
| **Total** | **$37,548.34** |

8. As a result of the foregoing, Respondent owes landlord/prime tenant the total amount of **$37,548.34** as rent and added rent.

9. Said rent and added rent have been demanded from the subtenant, since same became due, by three (3) day notice in writing, a copy of which with proof of service is annexed hereto.

10. Respondent(s)/Subtenant(s) have defaulted in the payments thereof and continue in possession of premises without permission after said default.

11. The premises are not subject to rent control, rent stabilization or the Emergency Tenant Protection Act of 1974, because said premises are rented for business purposes.

12. The premises are a multiple dwelling and pursuant to the Housing Maintenance Code Section 27-2097 there is a currently effective registration statement on file with the Office of Code Enforcement which designates the managing agent named below, a natural person over 21 years of age, to be in control of and responsible for the maintenance and operation of the dwelling:

Multiple Dwelling Registration: #136687
Agent: RICHARD MALPICA
331 MADISON AVENUE
NEW YORK, NEW YORK 10017

13. Petitioner lacks written information or notice of any address where Respondent Subtenant-resides-is employed-has place of business-has principal office-place of business in New York State other than the property to be recovered, except:

NKEMJIKA S. OBIECHINA, D.M.D.
44 CYPRESS STREET
JERSEY CITY, NEW JERSEY 07035

**WHEREFORE**, Petitioner requests a final judgment against Respondent(s) for the rent demanded therein, awarding possession of the premises to Petitioner/Landlord/Prime Tenant, and directing the issuance of a warrant to remove Respondent(s) from possession of the premises, together with costs and disbursements of this proceeding.

Dated: May 3, 2006
Yonkers, New York

CENTRAL PARK WEST ASSOCIATES
PETITIONER/LANDLORD/PRIME TENANT

C O M M E R C I A L

NKEMJIKA S. OBIECHINA, D.M.D. (SUBTENANT)
257 CENTRAL PARK WEST A/K/A 2 WEST 86TH STREET
A/K/A 255 CENTRAL PARK WEST - SUITE 255
NEW YORK, NEW YORK 10024

    PREMISES: 257 CENTRAL PARK WEST A/K/A 2 WEST 86TH STREET
             A/K/A 255 CENTRAL PARK WEST - SUITE 255
             NEW YORK, NEW YORK 10024
             (PERIODONTAL AND GENERAL DENTISTRY OFFICE)

    PLEASE TAKE NOTICE that you are hereby required to pay to **CENTRAL PARK WEST ASSOCIATES**, Landlord/Prime Tenant of the above described premises, the sum of **$38,414.07** for rent of the premises pursuant to your written sublease agreement dated February 12, 2003 as follows:

| | |
|---|---:|
| April 2006 rent | $ 4,767.49 |
| March 2006 rent | 4,606.27 |
| February 2006 rent | 4,606.27 |
| January 2006 rent | 4,606.27 |
| December 2005 rent | 4,606.27 |
| November 2005 rent | 4,606.27 |
| October 2005 rent | 4,606.27 |
| September 2005 rent (bal.) | 1,798.59 |
| Electricity | 3,087.93 |
| N.G.C. | 50.00 |
| Security Deposit | 322.44 |
| Legal Fees | 750.00 |
| **Total** | **$38,414.07** |

    You are required to pay within Three (3) days from the date of service of this notice, (in no event later than **April 25, 2006**) or to give up possession of the premises to the landlord/prime tenant. If you fail to pay or to give up the premises, the landlord/prime tenant will commence summary proceedings against you to recover possession of the premises.

Date:    April 12, 2006

                              CENTRAL PARK WEST ASSOCIATES

                              By: _____
                              Peter Lubell, Attorney
                              for Petitioner/Landlord/Prime Tenant
                              733 Yonkers Avenue
                              Yonkers, New York 10704
                              (914) 375-0100

SEE ATTACHED FOR ADDITIONAL MAILING:

NKEMJIKA S. OBIECHINA, D.M.D.
44 CYPRESS STREET
JERSEY CITY, NEW JERSEY 07035

NKEMJIKA S. OBIECHINA, D.M.D.
44 CYPRESS STREET

MANUEL PAGAN, BEING DULY SWORN, DEPOSES AND SAYS: THAT DEPONENT IS NOT A PARTY TO THIS PROCEEDING, IS A LICENSED PROCESS SERVER OVER 18 YEARS OF AGE AND RESIDES AT NEW YORK, NEW YORK.

DEPONENT WAS UNABLE TO SERVE NKEMJIKA S. OBIECHINA, D.M.D. (SUBTENANT), TENANT(S)/OCCUPANT(S) BY PERSONAL DELIVERY.

AT 257 CENTRAL PARK WEST A/K/A 2 WEST 86TH STREET A/K/A 255 CENTRAL PARK
    SUITE 255 (PERIODONTAL AND GENERAL DENTISTRY OFFICE)

ON 04/17/06 AT 10:53 AM DEPONENT SERVED THE ATTACHED

THREE DAY NOTICE

BY GAINING ADMITTANCE TO SAID PROPERTY AND DELIVERING TO AND LEAVING A COPY THEREOF FOR EACH TENANT(S)/OCCUPANT(S) PERSONALLY WITH JANE DOE - GENERAL AGENT (REFUSED NAME) A PERSON OF SUITABLE AGE AND DISCRETION, WHO WAS WILLING TO RECEIVE SAME AND WHO RESIDED OR WAS EMPLOYED AT SAID PROPERTY.

DEPONENT DESCRIBES THE INDIVIDUAL SERVED AS FOLLOWS:

SEX: FEMALE
SKIN COLOR: WHITE
HAIR COLOR: BROWN
AGE: 21-35
HEIGHT: 5'4"/5'8"
WEIGHT: 131-160 LBS
ADDITIONAL FEATURES:
NAME OF INDIVIDUAL SERVED: JANE DOE - GENERAL AGENT (REFUSED NAME)

AND ON 04/17/06 DEPONENT SERVED COPIES OF THE WITHIN THREE DAY NOTICE ON EACH TENANT/OCCUPANT SERVED AT THE PROPERTY SOUGHT TO BE RECOVERED, BY DEPOSITING A TRUE COPY FOR EACH NAMED TENANT/OCCUPANT OF THE SAME ENCLOSED IN A POST PAID WRAPPER, ADDRESSED TO EACH TENANT/OCCUPANT AT THE PROPERTY SOUGHT TO BE RECOVERED, IN THE POST OFFICE BY CERTIFIED MAIL AND BY REGULAR FIRST CLASS MAIL WITHIN THE STATE OF NEW YORK.

AND ON 04/17/06 ADDITIONAL MAILING BY REGULAR AND CERTIFIED MAIL TO: NKEMJIKA S. OBIECHINA, D.M.D., 44 CYPRESS STREET, JERSEY CITY, NJ 07035

SWORN TO BEFORE ME ON 04/17/06

PAULA MARKS
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01MA6055829
QUALIFIED IN WESTCHESTER COUNTY
COMMISSION EXPIRES MARCH 5, 2007

MANUEL PAGAN
LIC.# 1073712

S1        4

## VERIFICATION

The undersigned affirms under penalty of perjury that he is one of the Attorneys for the Petitioner; that he has read the foregoing petition and knows the contents thereof; that the same are true to his own knowledge except to matters stated to be upon information and belief; and as to those matters he believes them to be true.

The grounds of his belief as to matters not stated upon his knowledge are statements and/or records provided by the petitioner, its agents and/ employees and contained in the file in the attorney's office.

The verification is made pursuant to the provisions of RPAPL 741.

The verification is by deponent and not Petitioner because Petitioner is not within the County in which deponent's office is located.

Dated: May 3, 2006
       WESTCHESTER, NEW YORK

PETER LUBELL, ESQ.
NOVICK, EDELSTEIN, LUBELL, REISMAN
WASSERMAN & LEVENTHAL, P.C.
733 YONKERS AVENUE
YONKERS, NEW YORK 10704
(914) 375-0100

jn