Joseph H. Lemkin (JL-2490)
**DUANE MORRIS LLP**
A Delaware Limited Liability Partnership
744 Broad Street
Suite 1200
Newark, New Jersey 07102
(973) 424-2000
Facsimile (973) 424-2001

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BANC OF AMERICA PRACTICE SOLUTIONS, INC., as servicer for BANK OF AMERICA, successor by merger and acquisition to MBNA AMERICA (DELAWARE), N.A., assignee of Sky Bank, and as agent for U.S. Bank Trust National Association,<br><br>Plaintiff,<br><br>v.<br><br>WEST 86TH STREET DENTISTRY, PC AND NKEMJIKA S. OBIECHINA, DMD,<br><br>Defendants. | Civil Action No. 1:07-cv-04752-LTS<br><br><br><br><br><br><br><br>**AFFIDAVIT OF JOSEPH H. LEMKIN IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT PURSUANT TO FED. R. CIV. P. 55(b)** |

JOSEPH H. LEMKIN, ESQ., being duly sworn, deposes and says:

1.  I am an attorney-at-law of the States of New Jersey and New York and Special Counsel with the law firm of Duane Morris LLP, counsel for the Plaintiff, Banc of America Practice Solutions, Inc. ("BOA" or "Plaintiff"), in the above-captioned matter. I am fully familiar with the facts and circumstances of this action. I submit this Affidavit in support of Plaintiff's Motion for Entry of Default Judgment pursuant to Fed. R. Civ. P. 55(b).

2.  Defendants West 86th Street Dentistry, PC ("Borrower") and Nkemjika S. Obiechina, DMD ("Guarantor" and collectively "Defendants") are not infants, in the military, or

incompetent persons. Indeed, Guarantor is a dentist who recently operated a dental practice in New York City. Dr. Obiechina resides in Englewood, New Jersey.

### Procedural History

3. On June 4, 2007, Plaintiff filed its Summonses and Complaint in the above-captioned matter against Defendants.

4. On June 19, 2007, Plaintiff filed an Order to Show Cause why an Order of Seizure should not be issued pursuant to CPLR 7102, made applicable by Rule 64 of the Federal Rules of Civil Procedure (the "Order to Show Cause"). In support of its Order to Show Cause, Plaintiff's Assistant Counsel, Joseph L. Heeter ("Heeter Affidavit"), filed an affidavit setting forth in detail the basis for the relief sought by Plaintiff including the amount owed by Defendants to Plaintiff. A true copy of the Heeter Affidavit is attached hereto as **Exhibit "1"**

5. The Court entered the Order to Show Cause by the Court, on June 26, 2007. Plaintiff has properly served its Summons, Complaint, and the Order to Show Cause on Defendants via Guaranteed Subpoena Service, Inc. A true copy of the proofs of service filed with the clerk via ECF are attached hereto collectively as **Exhibit "2"**

6. By letter dated July 9, 2007, Plaintiff informed the Court that the parties were finalizing settlement discussion and intended to file a stipulation with the Court. Plaintiff requested an adjournment of the hearing regarding to the Order to Show Cause, scheduled for July 9, 2007, which was granted by the Court.

7. After Defendants did not execute a proposed stipulation of settlement or comply with its terms, upon Plaintiff's request, the Court scheduled a hearing with regard to Plaintiff's Order to Show Cause for September 21, 2007.

8.  Defendants failed to file opposition papers in response to the Order to Show Cause and also failed to appear at the Order to Show Cause hearing held on September 21, 2007.

9.  By Order dated September 27, 2007 this Court granted Plaintiff's Order to Show Cause. Thereafter, Defendants failed to file answers or otherwise respond to Plaintiff's complaint. Accordingly, Plaintiff applied for and the Clerk of this Court entered a Certificate of Default on or about March 27, 2008. A true copy of the Clerk's Certificate is attached hereto as **Exhibit "3"**.

10. Thereafter, Plaintiff requested permission from this Court to file the within motion. On March 27, 2008, this Court entered an Order authorizing the Plaintiff to file this motion (the "Authorization Order")(See Docket No. 12 on the docket). The Authorization Order was served on Defendants on April 3, 2008 (See Document No. 13 on the docket).

## BACKGROUND

11. On or about June 16, 2003, for good and valuable consideration, Borrower entered into a Finance Agreement (the "Finance Agreement") with BOA's predecessor, Sky Bank, whereby Sky Bank loaned $250,000.00 to the Borrower in order to provide initial financing for the Borrower's dental practice in Manhattan. See **Exhibit "B"** to Heeter Affidavit.

12. In addition to the loan memorialized in the Finance Agreement, Borrower also obtained a Second loan from Sky Bank in the original principal amount of $26,900.00 (the "Second Finance Agreement"). A true copy of the Second Finance Agreement is annexed to the Heeter Affidavit as **Exhibit "C"**.

13. Pursuant to the terms of the Finance Agreement and the Second Finance Agreement (collectively, the "Loan Documents"), Borrower agreed to make certain monthly payments to BOA as more particularly described therein.

14. Nkemjika S. Obiechina ("Guarantor") solely and unconditionally guaranteed all of the indebtedness arising directly or contingently from the Loan Documents. Borrower also executed a personal guarantee of all indebtedness arising directly or contingently from the Loan Documents. The guarantees of Borrower and Guarantor are contained in the Finance Agreement and Second Finance Agreement.

15. Borrower defaulted under the terms of the Loan Documents by, inter alia, failing to make payments due to BOA on account of the Finance Agreement since April 3, 2007, which payment was applied to Borrowers' February, 2007 obligation to BOA.

16. As of May 17, 2007, according to the Heeter Affidavit, there was due and owing by the Borrower to BOA the balance of $288,000.16, plus attorneys' fees, costs and any other charges under the Finance Agreement, all of which have continue to accrue. The balance on the Second Finance Agreement at that time was $20,098.42.

17. The Defendants have failed to plead or otherwise defend this action.

18. Based upon the aforementioned facts, judgment should be entered in favor of BOA against Borrower and Guarantor each in the amount of $308,098.58, plus    post-judgment interest.

WHEREFORE, deponent respectfully requests the entry of a Default Judgment pursuant to Fed. R. Civ. P. 55(b).

JOSEPH H. LEMKIN, ESQ.

Sworn to and Subscribed before me
This 28th day of April, 2008

Notary Public

MELANIE A MACARTNEY
Notary Public
State of New Jersey
My Commission Expires Jul 8, 2009

5